UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ANDREW OBIE VAUGHN, #1394835,    :
                                 :
            Petitioner,          :
                                 :
v.                               :    ACTION NO. 2:15cv265
                                 :
HAROLD W. CLARKE, Director,      :
Virginia Department of Corrections,:
                                 :
            Respondent.          :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Andrew Obie Vaughn ("Vaughn") is a Virginia inmate currently serving a 180-year sentence following his conviction in 2008 on 19 counts related to the sexual abuse of his stepdaughter. Vaughn filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which alleges five claims related to the ineffectiveness of his trial counsel, and a single claim of prosecutorial misconduct. Respondent moved to dismiss, and the matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure.

Because Vaughn cannot overcome the high standard of review set forth in 28 U.S.C. § 2254(d) and Strickland v. Washington, 466 U.S. 668 (1984), as set forth in detail below, the

1

undersigned recommends that the court GRANT Respondent's motion (ECF No. 4), and DISMISS the petition.

## I. STATEMENT OF THE CASE

Vaughn was convicted by a Newport News jury in 2008 on charges of aggravated sexual battery (5 counts), taking indecent liberties (7 counts), rape (5 counts), and object sexual penetration (2 counts). Trial Tr. at 233-35, Commonwealth v. Vaughn, Nos. 59470-06 – 59488-06 (Va. Cir. Ct. May 28, 2008). He was originally tried on the charges in 2007 and the jury could not reach a verdict. Commonwealth v. Vaughn, Nos. CR06059470-00 – CR06059488-00 (Va. Cir. Ct. May 21, 2007). The retrial in 2008 involved the same witnesses and the same attorneys. After the second jury trial, Vaughan filed a motion for a new trial alleging after discovered evidence. See Vaughn v. Commonwealth, No. 0245-10-1, at 7-8 (Va. Ct. App. Oct. 6, 2010). The trial court denied the motion for a new trial, and ultimately, the court found Vaughn guilty of all charges, and imposed the jury's sentence totaling 180 years. See id.; Trial Tr. at 263-66, Commonwealth v. Vaughn, Nos. 59470-06 – 59488-06 (Va. Cir. Ct. May 28, 2008).

Vaughn filed a petition for appeal with the Court of Appeals of Virginia challenging his convictions based on the sufficiency of the evidence and other alleged errors. Vaughn v. Commonwealth, No. 0245-10-1 (Va. Ct. App. Oct. 6, 2010).

Vaughan argued that the evidence was insufficient to convict him because the testimony of his stepdaughter, A.D., was inherently incredible.  In rejecting this argument, the Court of Appeals summarized the evidence in the light most favorable to the Commonwealth:

> [T]he evidence established that the victim, A.D., was appellant's stepdaughter.  When A.D. was 9 years old, appellant began molesting her.  Over the course of the next three and a half years, appellant sexually abused A.D. approximately twice a week.  The abuse escalated to rape on several occasions . . . .

> [T]he Commonwealth relied almost exclusively on A.D.'s testimony to establish guilt.  The trial court had the opportunity to observe A.D. as a witness and evaluate her credibility . . . . A.D. recounted several of the assaults, and provided specific events for some of the assaults . . . .

> ***

> During the last few months A.D. was abused by appellant, A.D.'s uncle also had sexual intercourse with her on two occasions.  A.D. became pregnant at age twelve.  She assumed appellant was the father of her child because he was the last person who had intercourse with her. However, DNA results later established the child was parented by A.D.'s uncle.

> ***

> When asked why she failed to tell anyone that her uncle was also having intercourse with her, A.D. explained,

> > I felt numb, like it didn't matter since it had already happened so many times . . . I didn't think [her uncle] was the father.  I didn't want to say anything that - I don't know how to explain it.  I knew that I would have to go through more stuff and my mom

3

> would have to go through more stuff and I
> was scared and afraid.
>
> The jury was aware that A.D. initially lied about
> the abuse by her uncle and by its verdict found A.D.'s
> explanation plausible.

Id. at 2-4

Considering all the foregoing evidence, the Court of Appeals noted that although A.D.'s testimony had inconsistencies, it was not inherently incredible. Id. at 2. The Court affirmed his conviction.[1] Vaughn filed a petition with the Supreme Court of Virginia. The Supreme Court refused his petition on April 6, 2011. Vaughn v. Commonwealth, No. 102093 (Va. Apr. 6, 2011).

Vaughn filed a petition for a writ of habeas corpus in the Circuit Court of the City of Newport News. See Final Order, Vaughn v. Braxton, No. CR12H00541-00 (July 11, 2014) (ECF No. 1, at 74-82). As relevant here, Vaughn's state habeas petition argued that his trial counsel was constitutionally ineffective and that the Commonwealth violated his due process rights by making an improper closing argument, and allegedly offering false testimony. The state court denied the petition in a written order. Vaughn again appealed to the Supreme Court of Virginia, which refused his petition on May 19, 2015. Vaughn v.

---

[1] Vaughn raised other issues on appeal, which are not presented in this federal petition. The facts underlying his evidentiary challenge are summarized solely to give context to the ineffectiveness and due process claims outlined in the report.

4

Warden, Keen Mountain Correctional Ctr., No. 141458 (Va. May 19, 2015).

The state habeas court decision is analyzed in more detail below, but in general the court held that trial counsel's choice to focus on what he felt were the meritorious issues was reasonable. Final Order, Vaughn v. Braxton, No. CR12H00541-00, (July 11, 2014) (ECF No. 1, at 74-84). After reviewing the familiar Strickland standard, the court considered each claim of ineffectiveness, evaluating counsel's tactical decisions in light of the evidentiary record. The state habeas court also observed that Vaughn was represented by the same counsel – who employed essentially the same strategy, in his first trial which resulted in a hung jury. The state court also rejected Vaughn's due process challenges, finding both that he had failed to make a contemporaneous objection and alternatively that they lacked merit. Id. at 79. The Supreme Court of Virginia refused Vaughn's petition for appeal, Vaughn v. Warden, Keen Mountain Correctional Ctr., No. 141458 (Va. May 19, 2015) (ECF No. 1, at 83) and thus, the Newport News Circuit Court's opinion constitutes the last reasoned state court decision. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

Vaughn filed the present petition, pursuant to 28 U.S.C. § 2254, on June 12, 2015. Habeas Pet., (ECF No. 1). In his federal petition, Vaughn raises five Sixth Amendment claims of

ineffective assistance of counsel and one due process challenge, all of which were presented to the Virginia habeas court. Five of Vaughn's claims are outlined as subparts of his general claim of ineffectiveness. Specifically, he argues that his trial attorney was constitutionally deficient in that he:

- A. Failed to conduct an adequate pretrial investigation;

- B. Failed to present a plausible defense;

- C. Failed to effectively impeach witnesses on cross-examination;

- D. Failed to object to improper questioning and closing arguments by the prosecutor; and

- E. Made a constitutionally ineffective closing argument.

Id.

In addition, his federal petition claims that he was denied due process by the prosecutor's alleged use of false testimony. The state habeas court considered all of these claims on the merits and ruled against Vaughn. This report will review each in turn.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Petitions for a writ of habeas corpus that challenge a state's custody over a petitioner must show that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before seeking federal habeas relief, however, a petitioner must first exhaust the remedies

available in state court or demonstrate the absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). Therefore, before a state prisoner can seek federal habeas relief, he must first give the state court an opportunity to consider alleged constitutional errors occurring in the prisoner's state trial and sentencing. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see Picard v. Connor, 404 U.S. 270, 275-76 (1971). Respondent concedes, and the Court agrees, that for purposes of federal review, Vaughn's claims have been exhausted. (ECF No. 5, at 4).

Once a petitioner's state remedies have been exhausted, under the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant relief on any claim adjudicated on the merits by the state court, unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law" or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)-(2). A state court's adjudication is contrary to clearly established federal law if the court arrives at a conclusion opposite to that reached by the Supreme Court on a

question of law, or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court unreasonably applies clearly established law if it identifies the correct legal principle, but unreasonably applies it to the facts of the case. Id. at 413. Factual determinations made by a state court, however, are "presumed to be correct," and a habeas petitioner has the burden of rebutting that presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); see Hill v. Ozmint, 339 F.3d 187, 194 (4th Cir. 2003).

Five of Vaughn's claims assert that he was denied his Sixth Amendment right to effective counsel.[2] Each of these claims was resolved on the merits by the state habeas court, and considered by the Supreme Court of Virginia. Thus, to obtain relief in this court, Vaughn must overcome the standard set forth in § 2254(d). In reviewing an ineffective assistance of counsel claim, the relevant inquiry is whether "counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." Kimmelman v. Morrison, 477 U.S. 365, 374

---

[2] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI.

8

(1986). However, this presumption is not easily overcome, as "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland v. Washington, 466 U.S. at 687.

In order for Vaughn to succeed on his ineffectiveness claims, he must satisfy both the "performance" and the "prejudice" prongs of the two-part test set forth in Strickland v. Washington, 466 U.S. at 687.[3] To satisfy the "performance" prong of the test, petitioner must show that "counsel's representation fell below an objective standard of reasonableness" such that he "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. To satisfy the "prejudice" prong of the test, petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.[4]

---

[3] As both prongs of the test are "separate and distinct elements" of an ineffective assistance claim, Vaughn must satisfy both requirements of the test to prevail on the merits. Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994); see Strickland, 466 U.S. at 697. Likewise, the court can address the elements in any order. Additionally, the court reviews alleged errors of counsel individually, not cumulatively. Fisher v. Angelone, 163 F.3d 835, 852 (4th Cir. 1998).

[4] The Supreme Court has defined a "reasonable probability" as "a probability sufficient to undermine confidence in the outcome."

Because the Supreme Court of Virginia rejected Vaughn's claims, review in this court is doubly deferential. See Burr v. Lassiter, 513 F. App'x 327, 340 (4th Cir. 2013) (unpublished) ("[W]here the issue is whether the state court has unreasonably applied Strickland standards to an ineffective assistance of counsel claim, 'double deference' is required – deference to the state court judgment granting deference to trial counsel's performance."); see also Yarborough v. Gentry, 540 U.S. 1, 6 (2003). As the Fourth Circuit has noted, "[i]f this standard is difficult to meet, that is because it was meant to be," and "even a strong case for relief does not mean that the state court's contrary conclusion was unreasonable." Burr, 513 F. App'x at 341 (quoting Harrington v. Richter, 131 S. Ct. 770, 786 (2011)).

**A.    The State Habeas Court's Conclusion that Trial Counsel's Investigation Was Not Constitutionally Deficient Was Not Contrary To, or an Unreasonable Application of, Clearly Established Federal Law.**

Vaughn first argues that his trial counsel rendered ineffective assistance by failing to investigate and offer impeachment evidence related to A.D.'s prior reporting of the assaults. Specifically, he argues that his attorney failed to interview and call as witnesses the doctor who initially

---

Strickland, 466 U.S. at 694; Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005).

examined A.D. when she became pregnant and a social worker who had investigated allegations of abuse. Habeas Pet., (ECF No. 1, at 21-25). According to Vaughn, these witnesses could have undermined A.D.'s credibility by contradicting portions of her testimony. Pet., (ECF No. 1, at 22-25). The state habeas court considered this claim on the merits and rejected it, writing:

> The record, including the affidavits of counsel, which the Court admits into evidence pursuant to Va. Code § 8.01-660, demonstrates petitioner's counsel not only had open file access to the Commonwealth's evidence, but had the benefit of reviewing the record from petitioner's first trial for the same offense. The Court finds counsel's investigation not deficient and that this claim fails to establish either deficient performance or prejudice. Strickland, 466 U.S. 668.

Final Order, Vaughn v. Braxton, No. CR12H00541-00 (July 11, 2014) (ECF No. 1, at 75-76).

After reviewing the entire transcript of trial and sentencing, the evidence establishes that the state court did not unreasonably apply Strickland. Trial counsel for the accused "ha[s] an obligation to investigate possible methods for impeaching a prosecution witness, and failure to do so may constitute ineffective assistance of counsel." Tucker, 350 F.3d at 444 (citing Huffington v. Nuth, 140 F.3d 572, 580 (4th Cir. 1998)). Again, objective reasonableness is the touchstone of the inquiry into counsel's performance. See Huffington, 140 F.3d at 580. And in turn, "the reasonableness of the investigation depends, in part, upon the importance of the

witness to the prosecution's case." Tucker, 350 F.3d at 444. If counsel fails to investigate "a witness who has been identified as crucial," then that "may indicate an inadequate investigation." Huffington, 140 F.3d at 580 (quoting Gray v. Lucas, 677 F.2d 1086, 1093 n.6 (5th Cir. 1982)). As the Fourth Circuit noted in Huffington and in Tucker, "most of the witnesses whom federal courts have deemed 'crucial' were 'alibi witnesses or eyewitnesses critical to the determination of guilt,' such as self-defense witnesses." Tucker, 350 F.3d at 444 (quoting Huffington, 140 F.3d at 580). However, "[p]ost-conviction counsel's backward-looking characterization of the role of any particular witness should have no bearing on this question." Tucker, 350 F.3d at 444 n.7 (citing Strickland, 466 U.S. at 689-90 (cautioning reviewing courts to evaluate trial counsel's performance "as of the time of counsel's conduct")).

Vaughn first suggests that, if called as a witness, the doctor who examined A.D. when she became pregnant would have contradicted A.D.'s claims of abuse. Habeas Pet., (ECF No. 1, at 23-25). But his suggestion is entirely speculative, and contradicted by the established facts. Vaughn surmises that, since it was A.D.'s mother, and not the doctor who initially reported the abuse to police, and since Virginia law requires doctors to report abuse, that A.D.'s doctor would have contradicted her claims. It is undisputed, however, that A.D. –

12

then 12 years old – was found to be pregnant by her doctor. As a result, even if there was some error in the doctor reporting the abuse, if called to testify, the physician could not dispute A.D.'s testimony that she was pregnant. And, at age twelve – below the age of consent – her pregnancy necessarily resulted from abuse. It is not clear how calling the doctor in such circumstances would have discredited A.D.'s claims. Moreover, as her initial outcry attributed her pregnancy to Vaughn – a fact later conclusively proven false – her statements to her physician turned out to be the biggest challenge to her credibility – a fact exploited by Vaughn's counsel at both his trials. With regard to the social worker, Vaughn's counsel did know about A.D.'s prior statement and thus his decision not to make greater use of it did not result from inadequate investigation. He also elicited testimony from A.D.'s mother concerning an incident of domestic abuse and nothing in Vaughn's petition suggests the failure to further exploit A.D.'s statements resulted from an improper investigation. As a result, the state court did not unreasonably apply Strickland with regard to Claim A.

**B. The State Habeas Court Properly Analyzed Vaughn's Claim that His Attorney Failed to Present a Plausible Defense.**

Vaughn's second claim of ineffectiveness appears to fault his trial counsel for failing to further exploit issues of

alleged domestic violence between himself and A.D.'s mother. Vaughn argues that his marital troubles could be used to suggest that A.D.'s mother had prompted A.D. to attribute the abuse to Vaughn, instead of her uncle. Pet., (ECF No. 1, at 26-27). The state habeas court rejected this claim on the merits with the following explanation:

> The Court finds counsel reasonably refrained from putting on a defense not supported by substantial evidence and, as noted by the respondent, a claim that the victim was protecting her uncle would not have succeeded, because by the time petitioner was tried the second time, the victim already had cooperated in the prosecution of the uncle who also had raped her. (Tr. 5/28/08 at 116). The Court thus concludes counsel's performance was not deficient and petitioner has not demonstrated prejudice. Strickland, 466 U.S. 668.

Final Order, Vaughn v. Braxton, No. CR12H00541-00 (July 11, 2014) (ECF No. 1, at 76-77).

This was a reasonable application of Strickland. Vaughn's argument fails to overcome the stout deference this court must give to both trial counsel's strategic decision and the state habeas court's constitutional review.[5] See Burr, 513 F. App'x at 340. Trial counsel's decision to refrain from further review of past allegations of Vaughn's acts of domestic violence was not

---

[5] The focus is on the state habeas court's ultimate decision because "satisfying the § 2254(d)(1) standard "does not require citation of [Supreme Court] cases - indeed, it does not even require awareness of [these] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." Lenz v. Washington, 444 F.3d 295, 307 (4th Cir. 2006) (emphasis in original) (quoting Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)).

below the objective performance standard employed by <u>Strickland</u>. It was well within trial counsel's reasonable trial strategy and discretion not to pursue the suggestion that A.D.'s mother was motivated to accuse Vaughn falsely as it had little evidentiary support. <u>See</u> <u>Strickland</u>, 466 U.S. at 689 ("[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (citation omitted)).

Moreover, Vaughn's counsel did cross-examine A.D.'s mother and raised with her an incident of domestic violence. He established that during the incident her mother had directed her daughter to lie regarding the circumstances of a 911 call. Other than this instance of marital strife, Vaughn has not identified any evidence in the record that would suggest A.D.'s mother had a motivation to encourage her daughter to falsely attribute the attacks to Vaughn. Vaughn's brief suggests that A.D.'s police statement reveals that her mother "helped [her] determine the timeframe of her sexual relations with" her uncle. Habeas Pet., (ECF No. 1, at 26). But the cited statement does not support any suggestion that her mother influenced A.D.'s reporting. For one thing, the reference is to her relations with her uncle, which were fully explored at trial. Moreover,

15

the "help" she allegedly received was to identify the release date of a video in order to establish an approximate timeframe of the uncle's abuse because A.D. distinctly (and without assistance) remembered watching the video with her uncle during that assault. (ECF No. 1, at 53). Vaughn's counsel clearly had the statement Vaughn cites, as he used it elsewhere in his examination of A.D. His decision not to examine A.D.'s mother further on this evidence did not fall below Strickland's performance standard. As a result, the trial court's determination that counsel's performance was not deficient in failing to exploit an argument unsupported by substantial evidence was reasonable.

**C. The State Habeas Court Did Not Unreasonably Apply Strickland in Finding Trial Counsel's Cross-examination of Witnesses Was Not Deficient.**

Vaughn's third claim of ineffectiveness relates to his attorney's alleged failure to use available evidence to impeach the witnesses against him. Primarily, Vaughn identifies additional details regarding A.D.'s relationship with her uncle that he claims could have been used to further attack her credibility before the jury. (ECF. No. 1, 28-30). He also claims A.D.'s testimony at trial regarding when she learned that Vaughn's vasectomy might not prevent pregnancy was inconsistent with her earlier description at Vaughn's first trial. Again, the state habeas court rejected these claims.

16

> The Court finds that the decisions about the degree to which prior testimony should be used properly were a matter for counsel's tactical judgment. Petitioner admits that his counsel used the testimony from the previous trial to cross-examine the victim about a matter in which her testimony was inconsistent. This was perfectly reasonable use of the prior record, demonstrates that counsel considered the prior record as a tool for use in the defense and the scope of that use is presumed to have been tactical. The standards for effective assistance are not designed to promote judicial second guessing on questions of strategy as basic as the handling of a witness. See Sallie v. North Carolina, 587 F.2d 636, 640 (4th Cir. 1978), United States v. Clayborne, 509 F.2d 473, 479 (D.C. Cir. 1974).

Final Order, Vaughn v. Braxton, No. CR12H00541-00 (July 11, 2014) (ECF No. 1, at 77).

After reviewing the record, the purported errors Vaughn identified are not so substantial as to undermine the state habeas court's conclusion that Vaughn's counsel did not pursue them for reasonable tactical reasons. At the first trial, A.D. testified, in response to whether she knew Vaughn was impotent, saying "He went to the doctor and they said sometimes it doesn't work." (ECF No. 1, at 66). At the second trial, she testified that she knew about Vaughn's operation "but I've taken a lot of classes, sex ed. classes and they said things like that didn't always work." Trial Tr. at 79, Commonwealth v. Vaughn, Nos. 59470-06 – 59488-06 (Va. Cir. Ct. May 28, 2008). But this inconsistency, if it exists, related to a minor fact. In light of the numerous other inconsistencies available to counsel, his choice to omit pursuing this one was not deficient performance.

Somewhat more troubling are Vaughn's citations to A.D.'s second police interview in which she described the assaults by her uncle. Vaughn is correct that A.D.'s statements to police during that interview can be construed as inconsistent with her description of the encounters at Vaughn's second trial. But having reviewed the prior statement, and particularly considering A.D.'s age at the time (12), the undersigned cannot conclude that counsel's decision not to explore the inconsistencies further was not a reasonable strategic decision. For one thing, counsel had ample evidence already that A.D. had initially identified Vaughn as the person she believed fathered her child because she did not want to involve her uncle. Counsel also cross-examined her on the difference between her descriptions of Vaughn's attacks and those of her uncle. Although A.D. denied that she "willingly" had sex with her uncle, on further examination, counsel clearly established the contrast between her earlier statements about attacks by Vaughn, and those of her uncle. Referring to A.D.'s uncle, counsel asked:

Counsel:  Did you ever try to bite him?

A.D.:     No.

Counsel:  Did you ever try to push him off?

A.D.:     No.

Counsel:  Did you ever say no?

A.D.:      No.

Trial Tr. at 107-08, <u>Commonwealth v. Vaughn</u>, Nos. 59470-06 - 59488-06 (Va. Cir. Ct. May 28, 2008).

A.D. had earlier testified that she had tried to bite, and push Vaughn off of her, and had repeatedly told him no, frequently crying through the attacks by her stepfather. As a result, this line of questioning revealed to the jury differences between A.D.'s statements describing her two abusers, which counsel also exploited in closing arguments to suggest that A.D. falsely accused Vaughn to protect her uncle. Despite counsel's efforts, the jury believed A.D.  But under these circumstances, counsel's decision not to further attack the victim by exploring in detail her statement to police was a reasonable strategic choice.  Moreover, even had counsel used the police statement to further attack her characterization of those encounters, it was unlikely to add much to the examination already employed, and as a result, would not create a reasonable probability that but for the error, the outcome of the proceeding would have been different.  <u>Strickland</u>, 466 U.S. at 694.

As outlined above, the <u>Strickland</u> performance prong requires that trial counsel "made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  466 U.S. at 687.  The state habeas court

found that trial counsel's decision was an objectively reasonable one. At bottom, the state habeas court at least made "a reasonable argument that counsel satisfied Strickland's deferential standard" which is all that is required to preclude federal habeas relief under § 2254(d). Richter, 562 U.S. at 105.

D. **The State Habeas Court Did Not Unreasonably Apply Strickland in Analyzing Vaughn's Claims Regarding His Counsel's Failure to Object to Evidence and Closing Argument.**

In his fourth ineffectiveness claim, Vaughn argues that his attorney was deficient in failing to object to questioning and closing arguments made by the prosecutor. Specifically, he claims counsel should have objected to testimony elicited from the investigating detective, which he believes improperly vouched for another witness' credibility. Habeas Pet., (ECF No. 1, at 32-37). He also argues that the prosecutor relied on his post-Miranda silence to impeach his testimony and improperly commented on this evidence during her closing argument. Id. at 32-40. The state habeas court considered and rejected these arguments, writing:

> Petitioner alleges in claim (k) that he was denied the effective assistance of counsel because his attorney did not object to improper closing argument by the Commonwealth. The Court finds the Commonwealth's argument was based upon the evidence presented during the trial, and a reasonable attorney could make the decision to refrain from making an objection that lacked merit. The Court finds counsel's performance

> was not unreasonable or deficient and petitioner fails
> to prove prejudice because there is not a reasonable
> probability the court would have sustained an
> objection to Commonwealth's closing argument based on
> the evidence. <u>Strickland</u>, 466 U.S. 668.

Final Order, <u>Vaughn v. Braxton</u>, No. CR12H00541-00 (July 11,
2014 (ECF No. 1, at 79).

In his federal petition, Vaughn has elaborated somewhat on
these two claims.  He first argues that his attorney should have
objected to the prosecutor's examination of the testifying
detective, and that she improperly encouraged him to vouch for
the victim's credibility.  Generally, "[i]t is impermissible for
a prosecutor to indicate her personal belief in the credibility
of Government witnesses or elicit one witness' opinion that
another witness has told the truth."  <u>United States v. Hayes</u>,
322 F.3d 792, 800 (4th Cir. 2003).  Here, however, the testimony
Vaughn claims was improper did not involve either the prosecutor
or detective offering a personal opinion regarding A.D.'s
credibility. The excerpted testimony related to the prosecutor's
examination at trial regarding A.D.'s second interview – after
police had learned that Vaughn was not the father of A.D.'s
child.  Specifically, the detective testified:

> I asked her if what she had told me about Mr. Vaughn
> had been the truth.  She said 'yes' and I told her how
> difficult it would be to go forward with a trial.  She
> said she still wanted to because what she had been
> saying was the truth.

(ECF No. 1 at 33).

Contrary to Vaughn's arguments, the detective did not offer his personal opinion regarding A.D.'s credibility. He merely repeated her own statement that she had been telling the truth. As a result, the state habeas court's application of Strickland to this claim was not unreasonable.

Likewise, Vaughn's claim that his attorney was constitutionally deficient in failing to object to the prosecutor's closing argument is also unsupported by the record. The specific excerpt from closing that Vaughn claims was improper, consisted of the prosecutor summarizing Vaughn's own prior statements to investigators during which he admitted that he was not aware of any reason why A.D. would testify falsely. While the prosecutor also made a comment regarding Vaughn's "trembling" during the interview, this description of Vaughn's physical appearance related to his prior statement and not to his refusal to answer. Trial Tr. at 220-22, Commonwealth v. Vaughn, Nos. 59470-06 - 59488-06 (Va. Cir. Ct. May 28, 2008), (paraphrasing Vaughn's statement that A.D. was a "good girl" with "no reason to lie" during which he "started visibly trembling"). Under these circumstances, Vaughn has not stated a plausible claim to overcome the deference due to the state court's decision under 2254(d).

**E.   The State Habeas Court Properly Rejected Vaughn's Claim that His Attorney Made a Constitutionally Deficient Closing Argument.**

Vaughn's last claim of ineffectiveness relates to his attorney's closing argument, which Vaughn argues was based on "an invalid defense theory." Habeas Pet., (ECF No. 1, at 38). He also asserts that his attorney relied on facts he failed to present during the trial. The state habeas court rejected this claim on the merits, writing that it had "reviewed the transcript of the closing argument on May 28, 2008 and [found] counsel's closing argument, while brief, reasonably focused on the credibility problems of the victim, which was the best defense the defendant had available." Final Order, Vaughn v. Braxton, Nos. CR12H00541-00 (July 11, 2014) (ECF No. 1, at 78). Accordingly, the court found that Vaughn had failed to meet the performance or prejudice prong of Strickland.

After reviewing counsel's closing argument in its entirety, including the excerpt that Vaughn relied upon in his briefing, the undersigned finds no error in the state habeas court's analysis of this claim under Strickland. Indeed, the excerpt Vaughn quoted at length in his brief reiterates the credibility arguments which were at the heart of Vaughn's defense. Ultimately, the jury rejected these arguments and believed the victim was telling the truth. But the fact that an argument proves unsuccessful does not render it constitutionally

23

deficient. Vaughn has failed to articulate any alternative argument, or any erroneous assertion which would create a reasonable probability of a different result. Strickland, 466 U.S. at 694.

**F.   Vaughn's Due Process Claim was Dismissed by the State Court on Adequate and Independent Procedural Grounds and Vaughn Has Not Made the Showing Necessary to Obtain Federal Review.**

In his last claim for relief, Vaughn argues that he was subject to prosecutorial misconduct in that the prosecutor knowingly offered perjured testimony. Pet., (ECF No. 1 at 40-44). The state habeas court rejected this claim both on the merits and as procedurally barred. Specifically, the court held that the claim was defaulted under the rule of Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974) (barring consideration of habeas claim not raised at trial or on direct appeal). The court went on to note that "although there were inconsistent statements made by witnesses, petitioner fails to establish that the evidence presented by the Commonwealth was perjured, much less that the Commonwealth had knowledge of any falsity of any particular piece of evidence." Final Order, Vaughn v. Braxton, No. CR12H00541-00 (July 11, 2010 (ECF No. 1, at 79). As a result, the court made an alternative finding that Vaughn's due process claim was without merit.

A federal habeas petitioner's claims are procedurally defaulted "[if] a state court clearly and expressly bases its dismissal on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal." Breard, 134 F. 3d at 619 (citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991)). A state rule is adequate and independent where it is "regularly or consistently applied by the state court," and "does not rely on a rule of federal constitutional law." Mu'Min v. Pruett, 125 F.3d 192, 196 (4th Cir. 1994) (citing Johnson v. Mississippi, 468 U.S. 578, 587 (1988)).

A petitioner may overcome a procedural default by showing "cause and prejudice" or by establishing that his confinement constitutes "a miscarriage of justice." Wainwright v. Sykes, 433 U.S. 72, 90-91 (1977). A procedural default is excusable under the cause and prejudice standard when the petitioner demonstrates (1) "that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and (2) that "errors at his trial . . . worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions." Wolfe v. Johnson, 565 F.3d 140, 158 n.27 (4th Cir. 2009) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986); United States v. Frady, 456 U.S. 156, 170 (1982)). A proper showing of "actual

innocence" is sufficient to satisfy the "miscarriage of justice" requirement. See House v. Bell, 547 U.S. 518, 536-37 (2006).

The Virginia Supreme Court Rule stated in Slayton v. Parrigan, constitutes an independent and adequate state law ground, therefore, Vaughn's due process claim is procedurally defaulted. See Vinson v. True, 436 F.3d 412, 417 (4th Cir. 2006). Absent cause and prejudice or proof of a miscarriage of justice, Vaughn's claim is barred from federal habeas review. Vaughn has not alleged cause or prejudice, or a miscarriage of justice and none is disclosed by the court's own review of the record. Therefore, the undersigned recommends that this claim be dismissed.

## III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that that Respondent's Motion to Dismiss (ECF No. 4) be GRANTED, and that Vaughn's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and the claims DISMISSED with prejudice.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.  Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. §

636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk shall mail a copy of this Order to the petitioner and provide an electronic copy to counsel of record for the respondent.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

December 1, 2015

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

Andrew Obie Vaughn
#1394835
Keen Mountain Correctional Center
P.O. Box 860
Oakwood, VA 24631

and an electronic copy was provided to:

Steven Andrew Witmer
Office of the Attorney General
900 E Main St.
Richmond, VA 23219

Fernando Galindo, Clerk

By_____
        Deputy Clerk

_____, 2015